Pauline CLAY, Appellant,

v.

Dorothy GREEN, Appellee.

Dorothy GREEN, Cross-Appellant,

v.

Pauline CLAY, Cross-Appellee.

Nos. 13856, 13881.

District of Columbia Court of Appeals.

Argued March 6, 1979.

Decided July 30, 1979.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for Pauline Clay.

Robert I. Berlow, Washington, D. C., for Dorothy Green.

Before NEWMAN, Chief Judge, NEBEKER, Associate Judge, and YEAGLEY, Associate Judge, Retired.

NEBEKER, Associate Judge:

The appellant seeks reinstatement of her suit for possession and for rent due. The issues presented to this court are whether the appellee-tenant had waived her right to notice to quit and whether the appellant has standing to maintain the suit. As the appellee has vacated the premises, the notice issue is moot. We hold that the appellant had standing and remand for a determination on the rent issue.

In so doing, we reject the appellee's contention that the appellant lacks standing to sue for possession because she is an unlicensed broker and therefore, under D.C. Code 1973, § 45–1407, may not maintain a suit for rent or possession.[1] The appellant, who rented the premises to the appellee, is the mother of the owner and manages the premises without compensation. Because she acts gratuitously, she is not a "broker" within the meaning of § 45–1407.[2] Therefore, the appellee's contention is meritless.

The case is remanded for a determination on the rent issue; certain funds remain in the registry of the court.[3]

*Remanded.*

---

1. Section 45–1407 states:

 No person . . . engaged in the business or acting in the capacity of a real-estate broker or a real-estate salesman, or a business-chance broker or a business-chance salesman, within the District of Columbia shall bring or maintain any action in the courts of the District of Columbia for the . . . enforcement of any contract relating to real estate without alleging and proving that such person . . . was a duly licensed real-estate broker or real-estate salesman, or business-chance broker or business-chance salesman, at the time the alleged cause of action arose.

2. Section 45–1402 states:

 Whenever used in this chapter "real-estate broker" means any person . . . who, for another and *for a fee, commission, or other valuable consideration,* or who, with the intention or in the expectation or upon the promise of receiving or collecting a fee, commission, or other valuable consideration, lists for sale, sells, exchanges, purchases, rents, or leases or offers or attempts or agrees to negotiate a sale, exchange, purchase, lease, or rental of an estate or interest in real estate, or collects or offers or attempts or agrees to collect rent or income for the use of real estate . . . . [Emphasis added.]

3. The cross-appellant raised no issues on appeal.